UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,            CRIMINAL NO. 24-CR-20395

v.

                                     HON. LAURIE J. MICHELSON

ISRAEL RAMIREZ-ROMERO
aka Isais ORTIZ-RAMOS,

                Defendant.
_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

Israel Ramirez-Romero (aka Isais Ortiz-Ramos), a citizen of Guatemala, entered this country illegally four times. He has been removed twice and voluntarily returned to his country once. This is Ramirez-Romero's second conviction for Unlawful Reentry Following Removal, in violation of 8 U.S.C. §1326(a). Ramirez-Romero committed the same crime in 2021 (using an alias with immigration authorities) but, undeterred by a four-month prison sentence, re-entered the United States after he was removed. While in the United States, Ramirez-Romero assaulted a pregnant woman, gave false information to law enforcement, and crashed his car into a street pole while heavily intoxicated. Ramirez-Romero has an active arrest

1

warrant in Georgia for violating probation and another warrant in Michigan for failing to appear.

The undisputed guidelines are 8 to 14 months. (PSR ¶ 61). The government recommends the Court impose a 9-month custodial sentence followed by one year of nonreporting supervised release. Such a sentence would recognize the seriousness of Ramirez-Romero's federal offense, promote respect for the immigration laws of this country, and would adequately account for Ramirez-Romero's criminal conduct while illegally present in the United States. A one-year period of nonreporting supervised release will also further deter Ramirez-Romero from reentering the United States illegally.

I.   Facts

Ramirez-Romero is a 35-year-old native and citizen of Guatemala who is illegally present in the United States after having been previously removed twice. On June 25, 2005, U.S. Border Patrol apprehended Ramirez-Romero near Nogales, Arizona and voluntarily returned him to Mexico. (PSR ¶ 12). On August 15, 2005, US Border Patrol arrested Ramirez-Romero near Nogales, Arizona. Ramirez-Romero provided agents with a fake name, Isais Oritz-Ramos, and date of birth. On September 19, 2005, Ramirez-Romero was removed from the United States to Guatemala under his alias. (PSR ¶ 13).

2

After Ramirez-Romero was removed to Guatemala in September 2005, he returned to this country without obtaining prior permission from the United States' government and started to commit crimes. On May 28, 2009, Ramirez-Romero was convicted of Giving False Name, Address or Birthdate to a Law Enforcement Officer in Georgia and sentenced to pay a fine. (PSR ¶ 31).

On May 18, 2013, Ramirez-Romero was arrested and charged in Decatur, Georgia with three counts of Battery, two counts of Battery – Family Violence, one count of Disorderly Conduct, one count of Simple Battery, and one count of Battery Against a Female Who is Pregnant. (PSR ¶ 32). Unfortunately, the details of this offense are unknown, but the charges leave little to the imagination. Clearly, Ramirez-Romero assaulted a pregnant woman. He absconded from proceedings for six years before pleading guilty on July 12, 2019 to Disorderly Conduct and Battery Against a Female Who is Pregnant. (*Id*.) Ramirez-Romero was sentenced to 13 days in jail and two years' probation. On March 5, 2020, the court issued a bench warrant for Ramirez-Romero's arrest for violating probation. (*Id*.).

On October 11, 2020, Ramirez-Romero was arrested in Waterford, Michigan for Operating with Blood Alcohol Content of .17% or More. According to reports, police found Ramirez-Romero passed out in the driver's seat, with the car running, after crashing his car into a pole. (PSR ¶ 39). Police administered breath tests that

resulted in .19% and .20% blood alcohol content, more than twice the legal limit. (*Id.*). Ramirez-Romero appeared for his initial arraignment, paid a bond, and was released. On October 27, 2020, the court issued a bench warrant for Ramirez-Romero's arrest for failing to appear for his next court hearing. (*Id.*).

On March 12, 2021, Ramirez-Romero was convicted of Unlawful Reentry Following Removal from the United States in this district and sentenced to 113 days of incarceration (almost four months). (PSR ¶ 14). On April 16, 2021, Ramirez-Romero was removed from the United States to Guatemala. (*Id.*). On July 5, 2024, U.S. Border Patrol Agents found and apprehended Ramirez-Romero in this district again after local law enforcement requested assistance in identifying him at a traffic stop. (PSR ¶ 15).

On July 18, 2024, Ramirez-Romero appeared in this district for his initial appearance on the complaint and remained in pretrial custody by consent. (PSR ¶ 2). On August 26, 2024, Ramirez-Romero pled guilty to a one-count information for violating Title 8, United States Code, Section 1326(a). (PSR ¶ 6). Ramirez-Romero has been detained in pretrial custody by consent for approximately four-and-a-half months.

II.   Advisory Guideline Range

The United States Probation Department determined that Ramirez-Romero's advisory guideline range is 8 to 14 months. (PSR ¶ 61). The government concurs in the Probation Department's calculations and does not have any objections to the Presentence Report (PSR). The government recommends the Court impose a guideline custodial sentence of 9 months, followed by one year of nonreporting supervised release.

III.   Sentencing Factors under 18 U.S.C. § 3553

In imposing a sentence, the court should consider the sentencing factors when determining what is sufficient, but not greater than necessary, to achieve the statutory objectives. *United States v. Vowell*, 516 F.3d 503 (6th Cir. 2008).

**§ 3553(a)(1): the nature and circumstances of the offense**

The felony offense committed by Ramirez-Romero, unlawful reentry following removal from the United States, is serious and favors a sentence at the midpoint of the advisory guideline range. Immigration laws serve to protect lawful residents and U.S. citizens from noncitizens who choose to willfully ignore the laws and procedures for entering this country legally. When noncitizens do not file the proper visa applications, undergo the necessary background checks, or submit themselves to inspection at ports-of-entry, immigration authorities cannot properly

5

screen those who present safety and security threats to this country. Individuals who obfuscate these procedures thus endanger United States citizens and lawful immigrants alike.

Ramirez-Romero entered this country illegally four times, violating this country's immigration laws repeatedly, and has been removed twice. In that timeframe, Ramirez-Romero put the public at risk of harm by driving drunk and assaulting a pregnant woman. Moreover, Ramirez-Romero attempts to further avoid vetting procedures by using an alias and different dates of birth while illegally present in the United States. (ECF No. 20, PageID. 71). The nature of the offense and the need to deter Ramirez-Romero from re-entering the United States a fifth time favors a guideline sentence.

### § 3553(a)(1): the history and characteristics of the defendant

Ramirez-Romero is 35 years old and has committed multiple immigration violations. He has repeatedly entered this country illegally even after being convicted in this district for unlawful reentry in 2021. This pattern of behavior demonstrates Ramirez-Romero's patent disrespect for the law. Ramirez-Romero's egregious immigration history is aggravated by his criminal conduct while illegally present in the United States. Ramirez-Romero has used multiple aliases, provided false information to law enforcement, and battered a pregnant woman. In that case,

6

he failed to appear after posting bond, and absconded for six years. He was sentenced to 13 days in jail and two years of probation. However, Ramirez-Romero violated probation in March 2020 and is wanted on an active bench warrant in Georgia. A few months later, Ramirez-Romero crashed his car into a street pole in Michigan after drinking alcohol and lost consciousness behind the wheel. Police discovered him with the car running and the gears still in drive. Ramirez-Romero appeared for an arraignment, paid bond, and failed to appear for future court dates. He is wanted for absconding. Considering these factors, Ramirez-Romero has a cyclical history of entering this country illegally and then committing crimes. Thus, a 9-month custodial sentence is both necessary and sufficient.

**§ 3553(a)(2)(A): the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense**

Ramirez-Romero has disobeyed court orders and disrespected the law repeatedly in his attempts to enter illegally and remain undetected in the United States. After committing crimes, Ramirez-Romero failed to appear for hearings or meaningfully participate in the criminal justice process. He has violated a prior removal order and district court order by re-entering this country without authorization and has used multiple aliases to avoid recognition. He has two active warrants in two different states for his arrest for serious crimes involving drunk

7

driving and assault. Ramirez-Romero needs to realize the seriousness of this offense; otherwise, he will continue to show disrespect for this country's immigration laws and re-enter the United States illegally in the future. A guideline sentence will reflect the gravity of Ramirez-Romero's conduct, promote respect for our nation's immigration laws, and provide just punishment.

A sentence under, or at the low end, of the guideline range would simply be insufficient to address the specific factors in this case and would not provide just punishment or deterrence. Our county has established legal procedures for immigrants to enter the United States. Ramirez-Romero has entered the United States without permission multiple times and, each time, was told that he could not return to the United States without proper authority. In 2021, he was convicted of unlawful reentry and sentenced to four months imprisonment and, while that sentence may have been sufficient and necessary at the time, did little to deter him from returning to the United States illegally again. Ramirez-Romero knows that his conduct violates the law, but he continues to break the law again and again. Now, facing 8 to 14 months, with a specific offense adjustment for having been convicted of a prior unlawful reentry offense, a longer term of incarceration is justified.

**§ 3553(a)(2)(B): need for the sentence imposed to afford adequate deterrence**

A sentence which promotes deterrence is needed. Ramirez-Romero's two prior deportations and conviction for unlawful reentry has not deterred him from returning to the United States without proper authorization. The Court, by imposing a 9-month custodial sentence, will encourage Ramirez-Romero to follow the law in the future. Similarly, a one-year term of nonreporting supervised release will also deter Ramirez-Romero from returning to this country illegally for a fifth time and protect the public from any future crimes that Ramirez-Romero may commit.

IV. Conclusion

The Court should sentence Ramirez-Romero to 9 months of incarceration followed by one year of nonreporting supervised release, which is a sentence that is

sufficient, but not greater than necessary, to achieve the Court's statutory sentencing obligations.

        Respectfully submitted,

        DAWN N. ISON
        United States Attorney

        s/Kathryn E. Boyles
        Assistant United States Attorney
        211 W. Fort St., Suite 2001
        Detroit, Michigan 48226
        (313) 226-9556
        E-mail: kathryn.boyles@usdoj.gov

Dated:   November 25, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF system.

    Natasha Webster, Attorney for Defendant

        s/Kathryn E. Boyles
        Assistant United States Attorney
        211 W. Fort Street, Suite 2001
        Detroit, MI   48226
        Phone: (313) 226-9556
        E-mail: kathryn.boyles@usdoj.gov